UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CELIA N.C.S.,

          Petitioner,

v.

PAMELA BONDI, *United States Attorney General*;

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*;

TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement*; and

DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement

          Respondents.

Civil No. 26-1447 (JRT/DTS)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

M. Boulette, **BOULETTE LAW**, 330 Second Avenue, Suite 2200, Minneapolis, MN 55401, for Petitioner.

David W. Fuller, Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Celia N.C.S. was detained by U.S. Immigration and Customs Enforcement ("ICE") officials on February 15, 2026. (Verified Pet. for Writ of Habeas Corpus ¶ 15, Feb. 15, 2026, Docket No. 1.) The same day, Petitioner filed a petition for writ of habeas

corpus, challenging the lawfulness of her detention. (*Id*.) Because the Court concludes that Petitioner is being detained unlawfully, the Court will grant the petition and order Petitioner's immediate release.

## DISCUSSION

Petitioner Celia N.C.S. is a citizen of Ecuador and a resident of Baldwin, Wisconsin. (Pet. ¶¶ 7, 12.) To the best of Petitioner's counsel's knowledge, Petitioner is being held at the Bishop Henry Whipple Federal Building in Minneapolis, Minnesota. (*Id.* ¶ 7.)

Respondents rely on 8 U.S.C. § 1225(b)(2) to justify Petitioner's detention. The Court rejects that justification. The legal issues presented by Petitioner's habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, Civ. No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025), and *Romero Santuario v. Bondi*, Civ. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). Section 1225(b)(2) does not authorize the mandatory detention of an individual already present in the United States.

The Court therefore turns to the proper remedy. Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2) and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674,

693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

The Court will grant Celia N.C.S.'s petition for writ of habeas corpus and order that he be released from custody.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner Celia N.C.S.'s Verified Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

    a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

    b. If Petitioner is being detained outside of Minnesota, Respondents shall **TRANSPORT** Petitioner to Minnesota and **RELEASE** Petitioner from custody immediately.  Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

    c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

    d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon

Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's license, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 21, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 18, 2026  
at Minneapolis, Minnesota.  
Time: 7:47 p.m.

JOHN R. TUNHEIM  
United States District Judge